**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANDT DAVID WHETSTONE, ) | |
| ) | |
| Petitioner, ) | 3:05-cv-0053-ECR-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DIRECTOR, NEVADA DEPT. OF ) CORRECTIONS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

On September 26, 2005, the Court entered an Order dismissing the habeas corpus petition in this case (docket #17). Judgment was entered on the same day (docket #18).

Subsequently, petitioner filed a Application for Certificate of Appealability (docket #20) and a Notice of Appeal (docket #21). Respondents have opposed the application for a certificate of appealability (docket #22). Petitioner was permitted to proceed *in forma pauperis* in litigating this petition and that status shall continue on appeal.

The Court will, however, deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The

Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

The Court finds that petitioner has not met this standard. Petitioner was undoubtedly untimely in filing his federal petition for writ of habeas corpus, allowing more a year to pass between the time his conviction became final and his arrival before this court. His arguments for equitable tolling were unavailing as he failed to demonstrate that he diligently pursued his state actions or that some extraordinary circumstance beyond his control prevented his coming to this court in a timely manner.

Moreover, his attempt to supplement the record with medical records indicating mental health and addiction treatment in 1986 is inappropriate and unconvincing. As previously discussed, petitioner's alleged mental state at the time of his crime and his

criminal trial do not account for his delay in pursuing his federal habeas corpus remedies.  The records address a period of time almost a decade prior to petitioner's visit to this Court.

**IT IS THEREFORE ORDERED** that petitioner's Application for Certificate of Appealability (docket #20) is **DENIED**.

Dated this 7th day of December, 2005.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE